UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ERIN LARKIN and MARCELLOUS WILLIAMS,

                Plaintiffs,

                                              **VERIFIED COMPLAINT AND JURY DEMAND**

-against-

SAILAWAY NY, PAUL DAURIAC and
ANDREW LELEUX,

                Defendants.
----------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This lawsuit challenges the unlawful and unethical policies and practices of a commercial boat charter company and its ownership, management and principal employees.

2. The company, Sailaway NY ("Sailaway"), has systemically engaged in unfair labor practices, gender discrimination, discrimination based on sexual orientation, various city and state department of health code violations and violations of several health and safety laws.

3. Plaintiffs have felt the full brunt of Defendants' unlawful and unethical practices, culminating in Plaintiff Larkin's wrongful termination for complaining about them and in Plaintiff Williams' difficult decision to quit her job as a chef for Sailaway, due to Defendants' constant theft of her tips.

4. Plaintiffs bring this action pursuant to, *inter alia*, the Equal Protection Clause, the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the New York State Human Rights Law ("NYSHRL"), N.Y.S. Executive Law Article 15 § 290, *et seq.* and the New York City Human Rights Law ("NY-

CHRL"), N.Y.C. Admin. Code § 8-101, *et seq.* to obtain redress for the violations of their rights under these laws and to ensure that current and future Sailaway employees, of all genders and sexual orientations, will be free from discrimination and unfair labor practices at the hands of the Defendants.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331, in that the claims arise under federal law. These claims arise, *inter alia*, under 28 U.S.C. § 1343(a), in that the claims arise under laws providing for the protection of civil rights and under 42 U.S.C. § 1983.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that this case involves claims brought under the laws of the City and State of New York.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York in that Plaintiffs' claims arose in this District, the Defendants' actions and omissions complained of occurred in this District, Defendants' principal place of business is in this District and one of the Plaintiffs reside in this District.

8. If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b).

## PARTIES

9. Plaintiff Erin Larkin is a licensed and trained boat captain with twenty-four (24) years of boating experience. She resides in Manhattan and was employed by Sailaway from approximately July 5, 2021 until approximately July 26, 2021, when Defendants wrongfully terminated her employment. Plaintiff is a woman who happens to also be a lesbian.

10. Plaintiff Marcellous Williams is a chef. She resides in Newark, New Jersey and was employed by Sailaway from approximately June, 2019 until approximately August, 2021, when she was forced to resign due to Defendants' mistreatment of her, including theft of her tips.

11. Upon information and belief, Defendant Sailaway is a commercial boat charter company which is incorporated in the State of New York and whose principal place of business is 59 Chelsea Piers in Manhattan.

12. Upon information and belief, Defendant Paul Dauriac ("Dauriac") is the owner and principal manager of Sailaway. As the owner and principal manager, Dauriac bears sole responsibility for implementing and perpetuating Sailaway's unlawful and unethical policies and practices. These unlawful and unethical policies and practices include, but are not limited to, Plaintiff Larkin's wrongful termination, Defendants' retaliation against her and Sailaway's encouragement and enabling of the myriad of unsafe and unsanitary habits of its boat captains and other employees.

13. Upon information and belief, Defendant Andrew Leleux ("Captain Andrew") is Sailaway's main boat captain and a *de facto* manager thereof. In this role, Captain Andrew is responsible for enacting the unlawful and unethical policies and practices set forth by Defendants Dauriac and Sailaway.

**CONSTITUTIONAL, STATUTORY AND REGULATORY FRAMEWORK**

**I. Equal Protection Clause of the 14th Amendment to the U.S. Constitution**

14. The Equal Protection Clause provides, in pertinent part, that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; *nor deny to any person within its jurisdiction the equal protection of the laws.*" U.S. Const. amend. XIV, § 1 (emphasis added).

15. The Supreme Court of the United States ("SCOTUS") has held that gender is a protected class under the Equal Protection Clause and, as such, carries the protection of intermediate scrutiny (also called "heightened scrutiny") concerning challenged laws and government actions or omissions establishing gender-based discrepancies. *See Craig v. Boren*, 429 U.S. 190, 197 (1976) (finding that "classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives.").

16. For a challenged government action or omission to pass intermediate scrutiny concerning a gender-based discrepancy, it must: a) further an important government interest; and b) must do so by means that are substantially related to that interest. *Id.*

## II. Fair Labor Standards Act

17. Under the FLSA, tips are the property of employees, whether or not the employer has taken a tip credit under section 3(m) of the FLSA. 29 U.S.C. § 201, *et seq*. Specifically, "[s]ection 3(m)(2)(B) of the Act provides that an employer may not keep tips received by its employees for any purposes, regardless of whether the employer takes a tip credit." 29 C.F.R. § 531.52. In all cases, tips remain the *property of the employees who have received them* and the employee cannot be required to turn over their tips to the employer.

## III. New York Laws and Regulations

*New York Labor Law*

18. The NYLL explicitly confers a private right of action for aggrieved employees, providing that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled..., he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees,

prejudgment interest as required under the civil practice law and rules, and...an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action." N.Y. Lab. Law § 663(1).

*New York State Human Rights Law*

19. The NYSHRL prohibits, *inter alia*, discrimination in employment with respect to age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, marital status, or disability. Specifically, the NYSHRL declares that "[t]he opportunity to obtain employment without discrimination because of age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, marital status, or disability, is hereby recognized as and declared to be a civil right." NYSHRL, N.Y.S. Executive Law Article 15 § 291.

20. Further, under the NYSHRL, it is "an unlawful discriminatory practice...[f]or an employer or licensing agency, because of...sexual orientation, gender identity or expression [or] sex to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." NYSHRL, N.Y.S. Executive Law Article 15 § 296(1)(a).

*New York City Human Rights Law*

21. The NYCHRL states that "there is no greater danger to the health, morals, safety and welfare of the city and its inhabitants than the existence of groups prejudiced against one another and antagonistic to each other because of their actual

or perceived differences, including those based on gender [and] sexual orientation..." NYCHRL, N.Y.C. Admin. Code § 8-101.

22. The NYCHRL specifically prohibits discrimination against persons on the basis of gender and sexual orientation, stating that "withholding or denial of "[i]t shall be an unlawful discriminatory practice for an employer or an employee or agent thereof, because of the actual or perceived....gender [or] sexual orientation of any person...to discharge from employment such person; or to discriminate against such person in compensation or in terms, conditions or privileges of employment.." NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a).

## STATEMENT OF FACTS

*Erin Larkin's Employment*

23. Plaintiff Erin Larkin interviewed for a position of employment as a boat captain with Sailaway on or about July 5, 2021.

24. Defendant Paul Dauriac conducted the interview.

25. During the interview, Dauriac brazenly inquired into Plaintiff Larkin's personal life, directly asking her if she is a lesbian.

26. Despite this obvious violation of the law, when Plaintiff Larkin received an offer of employment, she accepted the offer, as the position of boat captain with Sailaway appeared to be a great opportunity.

27. Shortly after Plaintiff Larkin began working for Sailaway on July 7, 2021, she observed disturbing patterns of behavior.

28. While assigned as the boat captain of the boat named "Mercedes," Plaintiff Larkin observed several instances where Sailaway employees, including Captain Andrew, were working while drunk and/or high from consuming marijuana.

29. Plaintiff Larkin also observed unsanitary conditions on the boats being offered for charter to the public ("Charter Boats"), including the presence of human hair in several food items and the absence of running water on the boat.

30. Plaintiff Larkin learned of several instances where Dauriac ordered the chef of the Charter Boats to cook and serve rotten food to customers.

31. Plaintiff Larkin became aware of instances where Sailaway employees had sex on those same Charter Boats.

32. Plaintiff Larkin learned of an incident where Captain Andrew allowed customers, including two small children, to ride on the bow of the boat while it sailed, a practice which is dangerous and generally prohibited.

33. It was also made known to Plaintiff Larkin that some Sailaway employees actually lived on the Charter Boats.

34. In her work as the boat captain of Mercedes, Plaintiff Larkin made the disturbing discovery that Dauriac was stealing tips from Sailaway employees. On several occasions in July, 2021, Dauriac took a substantial portion of tips intended for Plaintiff Larkin and an assistant.

35. When Plaintiff Larkin summoned the courage to complain about Dauriac's stealing of tips and Sailaway's other disturbing practices, as set forth above, Dauriac retaliated by threatening to ruin Plaintiff Larkin's boat captain career if she pursued her complaints, telling her "I will blackball you."

36. Not content with making this retaliatory threat, Dauriac terminated Plaintiff Larkin's employment only nineteen (19) days later, on or about July 26, 2021. On the same day, Dauriac also terminated Kayleigh Etie, the only other openly gay Sailaway employee.

37. After terminating Plaintiff Larkin's employment, Dauriac added insult to injury by withholding Plaintiff Larkin's last paycheck and refusing to pay her.

38. In the weeks since Plaintiff Larkin's termination, Sailaway's unsafe and unsanitary practices have continued, as Plaintiff Larkin became aware of an instance where Captain Andrew drove one of the Charter Boats, with customer aboard, *with his feet*.

39. Upon information and belief, these egregious behaviors were not only tolerated but encouraged and openly accepted by Defendants Sailaway and Dauriac. Upon information and belief, over the past couple of years, Defendants Sailaway and Dauriac were even disinvited and forced to leave Liberty Landing and Chelsea Piers for a period of time.

*Marcellous Williams' Employment*

40. Plaintiff Marcellous Williams interviewed for a position of employment as a boat chef with Sailaway in June, 2019.

41. Defendant Paul Dauriac conducted the interview by telephone.

42. A few days later, Dauriac conducted an in-person interview of Plaintiff Williams, offering her the job and informing her that she was not eligible to receive any of the tips left for her by customers.

43. While employed by Sailaway, Plaintiff Williams observed unsanitary conditions on the Charter Boats, including rancid dumplings Dauriac ordered her to serve to customers in September, 2019. Plaintiff Williams refused Dauriac's order and invited him to consume the dumplings himself. After Dauriac declined the offer, Plaintiff Williams discarded them.

44. Plaintiff Williams also observed conditions of mold underneath and around refrigerators on the Charter Boats.

45. During the course of Plaintiff Williams' employment with Sailaway, Defendants kept tips specifically intended for Plaintiff Williams dozens of times, including one occasion where Dauriac stole eight (8) bottles of wine from Plaintiff Williams, which customers had left for her as a tip.

46. Captain Andrew, in particular, worked with Plaintiff Williams several times in 2021, sharing tips left by customers with Plaintiff Williams on only one occasion. On another occasion, Captain Andrew admitted to Plaintiff Williams to drinking on the job. On another occasion, Plaintiff Williams took a photograph of Captain Andrew steering one of the Charter Boats with his feet.

47. In August, 2021, Dauriac went so far as to dock Plaintiff Williams' paycheck $100.00 in order to deprive her of the tip of a $100 bill she received from customers from one of the charter trips she had worked.

48. That incident was the proverbial straw that broke the camel's back, prompting Plaintiff Williams to end her employment with Sailaway.

## CAUSES OF ACTION

## VIOLATION OF EQUAL PROTECTION CLAUSE (42 U.S.C. § 1983 LIABILITY)

49. Plaintiffs incorporate and reiterate each and every paragraph above though fully set forth herein.

50. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution prohibits governments from applying or passing laws that target or otherwise treat similarly situated individuals differently on the basis of certain protected classes including, but not limited to, an individual's gender. Specifically, the equal protection clause states that: "No State shall make or enforce any law which

shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

51. Defendants targeted and disparately treated Plaintiffs because of their female gender.

52. Through such disparate treatment, Defendants denied Plaintiffs equal protection of the laws in violation of their Fourteenth Amendment rights under the U.S. Constitution.

53. By virtue of the above, Plaintiffs have suffered actual damages including, but not limited to mental distress, embarrassment, humiliation, inconvenience, insult, anxiety, emotional pain and suffering, and other economic and/or non-economic damages.

54. Plaintiffs are entitled to recover the aforementioned damages under the Equal Protection Clause and 42 U.S.C. § 1983.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

56. Defendants engaged in extreme and outrageous conduct towards Plaintiffs to their detriment.

57. Defendants, through their extreme and outrageous conduct towards Plaintiffs, demonstrated an intent to cause, or disregard of a substantial probability of causing, severe emotional distress in the Plaintiffs.

58. The extreme and outrageous conduct of the Defendants towards Plaintiffs directly caused their severe emotional distress.

59. By virtue of the above, Plaintiffs have suffered actual damages including, but not limited to mental distress, embar-

rassment, humiliation, inconvenience, insult, anxiety, emotional pain and suffering, and other economic and/or non-economic damages.

**VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW**

60. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

61. Defendants Dauriac and Sailaway terminated Plaintiff Larkin's employment, in part, because of her gender and sexual orientation, as they would not have fired her had she been a heterosexual male, given the wide and permissive latitude Defendants Dauriac and Sailaway have given to Sailaway's heterosexual male employees concerning their unsafe and unsanitary behaviors.

62. Defendants' termination of Plaintiff Larkin's employment was based, in part, on her gender and sexual orientation and constituted an unlawful discriminatory practice under the NYSHRL. *See* NYSHRL, N.Y.S. Executive Law Article 15 § 296(1)(a).

63. By virtue of the above, Plaintiff Larkin has suffered actual damages including, but not limited to mental distress, embarrassment, humiliation, inconvenience, insult, anxiety, emotional pain and suffering, and other economic and/or non-economic damages.

**VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW**

64. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

65. The termination of Plaintiff Larkin's employment by Defendants Dauriac and Sailaway was an act of discrimination based, in part, on Plaintiff Larkin's gender and sexual orientation, as they would not have fired her had she been a heterosexual male in light of the latitude Defendants Dauriac and Sailaway have

given to Sailaway's heterosexual male employees concerning their unsafe and unsanitary behaviors.

66. Defendants' termination of Plaintiff Larkin's employment based on her gender and sexual orientation constituted an unlawful discriminatory practice under the NYCHRL. *See* NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a).

67. By virtue of the above, Plaintiffs have suffered actual damages including, but not limited to mental distress, embarrassment, humiliation, inconvenience, insult, anxiety, emotional pain and suffering, and other economic and/or non-economic damages.

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

68. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

69. In July, 2021, defendants Dauriac and Sailaway regularly stole Plaintiff Larkin's tips from serving customers as the boat captain of the Mercedes, in violation of Plaintiff Larkin's rights under the FLSA. *See* 29 C.F.R. § 531.52.

70. The tips Defendants stole from Plaintiff Larkin were intended by such customers to be received solely by her and her assistant.

71. From June, 20219 through August, 2021, defendants Dauriac and Sailaway regularly stole Plaintiff Williams' tips from serving customers as the chef of various boats, in violation of Plaintiff Williams' rights under the FLSA. *See* 29 C.F.R. § 531.52.

72. The tips Defendants stole from Plaintiff Williams were intended by such customers to be received solely by her.

73. As Plaintiffs' salaries were each above federal, state and local minimum wages, no portion of the tips Defendants stole from Plaintiffs was for a tip credit.

74. Additionally, Defendants Dauriac and Sailaway retaliated against Plaintiff Larkin for complaining about stolen tips and unsafe and unsanitary practices, threatening to ruin her career and ultimately terminating her employment in an attempt to silence her.

75. By virtue of the above, Plaintiffs have suffered actual damages including, but not limited to mental distress, embarrassment, humiliation, inconvenience, insult, anxiety, emotional pain and suffering, and other economic and/or non-economic damages.

76. Plaintiffs are entitled to compensatory and liquidated damages under the FLSA.

## VIOLATION OF THE NEW YORK LABOR LAW

77. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

78. As a result of the multiple incidents of Defendants' theft of Plaintiffs' tips, as set forth above, Defendants violated Plaintiffs' rights under the NYLL. *See* N.Y. Lab. Law § 663(1).

79. Defendants Dauriac and Sailaway unlawfully retaliated against Plaintiff Larkin for complaining about the stolen tips and Sailaway's unsafe and unsanitary practices. *See* N.Y. Lab. Law § 215.

80. By virtue of the above, Plaintiffs have suffered actual damages including, but not limited to mental distress, embarrassment, humiliation,

inconvenience, insult, anxiety, emotional pain and suffering, and other economic and/or non-economic damages.

81. Plaintiffs are entitled to compensatory and liquidated damages under New York law. *See* Wage Theft Prevention Act of 2010, ch. 564, 2010 N.Y. Laws 1446; N.Y. Lab. Law §§198(1-a), 663(1).

## DEPARTMENT OF HEALTH CODES VIOLATIONS

82. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

83. Plaintiffs observed and became aware of a slew of health code violations committed by Defendants concerning Sailaway's unsafe and unsanitary practices, particularly concerning the improper preparation of food and the service of food that is unfit for human consumption. *See, e.g.*, New York City Health Code § 81.07; 24 RCNY § 3.03(a).

84. Defendants sought to cover up these violations by retaliating against Plaintiff Larkin when she complained about them.

85. By virtue of the above, Plaintiffs have suffered actual damages including, but not limited to mental distress, embarrassment, humiliation, inconvenience, insult, anxiety, emotional pain and suffering, and other economic and/or non-economic damages.

## RESPONDEAT SUPERIOR LIABILITY

86. Plaintiffs incorporate and reiterate each and every paragraph above as thoughfully set forth herein.

87. At all relevant times, Defendants PAUL DAURIAC and ANDREW LELEUX were employees of Sailaway.

88. At all relevant times, Defendants PAUL DAURIAC and ANDREW LELEUX were acting within the scope of their employment through their actions and omissions directed at the Plaintiffs.

89. Sailaway is liable to Plaintiffs for the aforementioned acts and omissions of Defendants PAUL DAURIAC and ANDREW LELEUX under the doctrine of *respondeat superior*.

90. By virtue of the above, Plaintiffs have suffered actual damages including, but not limited to mental distress, embarrassment, humiliation, inconvenience, insult, anxiety, emotional pain and suffering, and other economic and/or non-economic damages.

## JURY DEMAND

91. Plaintiffs hereby demand a trial by jury on all issues pursuant to the Seventh Amendment to the U.S. Constitution and CPLR § 4102(a).

## REQUEST FOR RELIEF

**WHEREFOR**, Plaintiffs respectfully request that this Court:

92. Declare Defendants' acts and omissions, as complained of herein, to be unlawful and in violation of Plaintiffs' rights under the FLSA, the NYLL, the Equal Protection Clause, the New York State Human Rights Law and the New York City Human Rights Law.

93. Declare the acts and omissions of Defendants to have violated Plaintiff's common law right to be free of the intentional infliction of emotional distress.

94. Declare the acts and omissions of Defendants to have violated Plaintiff Larkin's rights as a whistleblower concerning Defendants' health code violations.

95. Award Plaintiff compensatory and punitive damages in an amount to be determined at trial, for each and every cause of action set forth herein, including treble and liquidated damages.

96. Award Plaintiff reasonable attorneys' fees and costs.

97. Grant any other and further relief that this Court may deem just, equitable and proper.

98. Retain jurisdiction over this matter until Defendants demonstrate full compliance with the Court's order.

Dated: December 20, 2022

Respectfully submitted,

Karl J. Ashanti, Esq.
*Attorneys for Plaintiffs*
Musa-Obregon Law, P.C.
55-21 69th St., 2nd Fl.
Maspeth, NY 11378
T. (718) 803-1000

## VERIFICATION

<u>VERIFICATION</u>
(ERIN LARKIN)

STATE OF NEW YORK )
                   :SS.:
COUNTY OF QUEENS )

  The undersigned, being an attorney duly admitted to practice law before all the Courts of the State of New York and fully aware of the penalties of perjury, hereby affirms the following to be true:

  I am associated with the firm MUSA-OBREGON LAW PC, attorneys for Plaintiff ERIN LARKIN.

  I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to my own knowledge, except as to any matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

  The reason I make this verification is that the place of residence of ERIN LARKIN is outside of Queens County, where I maintain my office.

  I affirm the foregoing to be true, upon information and belief, under penalty of perjury.

_____
KARL ASHANTI

## VERIFICATION

<u>VERIFICATION</u>
(MARCELLOUS WILLIAMS)

STATE OF NEW YORK )
                         :SS.:
COUNTY OF QUEENS )

       The undersigned, being an attorney duly admitted to practice law before all the Courts of the State of New York and fully aware of the penalties of perjury, hereby affirms the following to be true:

       I am associated with the firm MUSA-OBREGON LAW PC, attorneys for Plaintiff MARCELLOUS WILLIAMS.

       I have read the foregoing Verified Petition and know the contents thereof, and the same is true to my own knowledge, except as to any matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

       The reason I make this verification is that the place of residence of MARCELLOUS WILLIAMS is outside of Queens County, where I maintain my office.

       I affirm the foregoing to be true, upon information and belief, under penalty of perjury.

 

_____
KARL ASHANTI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ERIN LARKIN and MARCELLOUS WILLIAMS,

                Plaintiffs,

-against-

SAILAWAY NY, PAUL DAURIAC and
ANDREW LELEUX,

                Defendants.
-------------------------------------------------------------------x

## SUMMONS AND VERIFIED COMPLAINT

Karl J. Ashanti, Esq.
*Attorneys for the Plaintiffs*
MUSA-OBREGON, P.C.
55-21 69th Street
Maspeth, NY 11378
(718) 803-1000

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry under the circumstances, the instant pleading contained herein is not frivolous as defined in 22 NYCRR § 130-1.1(c).

Signature: 
Signer's Name: Karl J. Ashanti, Esq.