UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIN LARKIN, et al.,
       Plaintiffs,

    -against-

SAILAWAYNY, et al.,
       Defendants.
------------------------------------------------------------X

22 Civ. 10737 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, on July 31, 2023, the parties submitted under seal a proposed settlement agreement for the Court's approval;

  WHEREAS, the proposed settlement agreement does not provide enough information to evaluate whether the settlement is fair and reasonable.  It is hereby

  **ORDERED** that, by **August 22, 2023**, the parties shall submit a typed settlement agreement and a joint letter with supporting evidence addressing the findings this Court must make in order to approve the settlement as fair and reasonable.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (outlining five factors district courts have used to determine whether a proposed settlement is fair and reasonable).  The settlement agreement cannot release claims "with no relationship whatsoever to wage-and-hour issues" or to the other issues in this action.  *See Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021).  The supporting evidence must include adequate documentation supporting the requested attorneys' fees and costs.  *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983) ("All applications for attorney's fees . . . should normally be disallowed unless accompanied by

contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."). If the parties request that the Court retain jurisdiction to enforce this settlement agreement, they shall include such a term in the agreement. Under the Court's Individual Rule I.D.5, the Court will not retain jurisdiction to enforce confidential settlement agreements. It is further

**ORDERED** that the Joint Letter Motion to Seal Mediation Agreement is **DENIED** without prejudice to renewal. *See Wolinsky*, 900 F. Supp. 2d at 340 (denying request to keep a FLSA settlement agreement under seal). By **August 22, 2023**, the parties shall file any renewed motion explaining, in greater detail, why they seek to file under seal or make narrowly tailored redactions to the settlement agreement.

The Clerk of Court is respectfully directed to close the motion at Dkt. 29.

Dated: August 2, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE