UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIN LARKIN and MARCELLOUS WILLIAMS

    Plaintiffs

    vs.

SAILAWAYNY, PAUL DAURIAC, and ANDREW LELEUX

    Defendants

No. 22 -CV-10737 (LGS)

> The Court understands Plaintiffs to be seeking $12,500.00 in attorney's fees, in addition to $615.50 of expenses, as stated in Dkt. 36, and not the amounts stated in Dkt. 42. **By November 3, 2023**, Plaintiffs shall email an Excel version of their billing entries, Dkt. 42 Exhibit A, adding a column with their standard billing rate, to Schofield_NYSDChambers@nysd.uscourts.gov. So Ordered.
>
> Dated: October 31, 2023
>     New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

PLAINTIFFS'S REQUEST FOR ATTORNEY'S FEES AND COSTS

1. Counsel for Erin Larkin and Marcellous Williams ("Plaintiffs"), request that the Court approve the attorney's fees and costs as requested below.

2. On August 22, 2023 date, the parties settled this matter.

3. Having settled this matter, counsel seek court approval for the necessary expenses incurred, including legal fees and court costs.

4. The total amount sought is $27,471.75.

BACKGROUND

5. On December 20, 2022, the plaintiffs filed the Summons and Complaint in this matter.

6. The matter was settled on August 22, 2023 and the parties so advised the court by a joint letter.

7. As the Court is intimately aware of the causes of action litigated in this case and the procedural history, we will for the sake of brevity not repeat them here and immediately discuss the issue of attorney's fees.

LAW ON SETTING ATTORNEYS' FEES

The controlling case in this district on setting attorneys fee for this matter is *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). *Wolinsky* states :

1

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. Medley v. Am. Cancer Soc., No.10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010);

Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award. See 29 U.S.C. § 216(b). *Wolinsky v. Scholastic Inc*. 900 F. Supp. 2d 332 (S.D.N.Y. 2012) shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added);

To aid the court is determine reasonableness of the proposed attorney's fees, counsel must submit evidence providing a factual basis for the award. See, e.g., *Galvez v. Americlean Servs. Corp.*,1:11CV1351 JCC/TCB, 2012 WL 1715689, at *(E.D.Va. May 15, 2012) analysis and assess the reasonableness of counsel's hourly rate or the number of hours expended on the case"). In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. See, e.g., *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983). While there is a strong presumption that the "lodestar" amount— that is, the number of attorney hours reasonably expended times a reasonable hourly rate—represents a reasonable fee, the court may adjust the fee award upward or downward based on other considerations. See *Gordon v. Camp Canine, Inc.*, No. 02 Civ. 4093(SAS)(JCF), 2003 WL 1563288, at *2 (S.D.N.Y. Mar. 25, 2003)." *Id.*, at 335-36.

## RETAINER AND RETAINED COUNSEL

8. Plaintiffs were represented in these proceedings by Karl Joseph Ashanti, Esq. of Musa-Obregon Law PC.

9. Time charges for Musa-Obregon Law PC for the period of August 2021 through October 2023 total $26,856.25.

10. Annexed hereto collectively as Exhibit A is the timesheet accounting for services beginning from the inception of this matter in August 2021 continuing through October 2023. The timesheet contains itemized time charges identifying the specific task, the attorney or paralegal providing the services and her/his billing rate, the amount charged,

2

and expenses paid by the firm on the client's behalf and chargeable to the client pursuant to the retainer agreement.

11. The services provided to the plaintiffs are summarized as follows:

An analysis of Musa-Obregon Law PC time charges, and hours by each attorney and paralegal is presented below.[1]

<u>Qualifications of Attorney Karl J. Ashanti, Esq.</u>

Karl Ashanti is head of the civil litigation practice at Musa-Obregon Law PC. He has been a practicing attorney since 1999. Mr. Ashanti graduated with high honors from St. Paul's School in New Hampshire, received his BA from Stanford University in 1995 and his Juris Doctor from the Georgetown Law Center in 1998 . Mr. Ashanti is admitted to practice in New York State, the United States District Courts for the Southern and Eastern Districts of New York. His current practice focuses on Plaintiff's Civil Litigation, with a particular specialty in federal civil rights litigation in the EDNY and SDNY. He has acted as lead trial counsel (handling the majority of witnesses and/or argument) for seven (7) federal jury trials and as co-counsel for several other trials. Between 2007 and 2018, he served as senior counsel in the Special Federal Litigation Unit of the New York City Corporation Counsel's Office where he represented the City of New York in hundreds of federal cases including 1983 civil rights actions. Before joining Musa Obregon Law, he was chief of litigation at the Brain Injury Rights Group Limited, a legal organization specializing in representing the rights of persons suffering from severe brain injuries where he headed a team of brain injury litigators. Mr. Ashanti began his career as civil litigator immediately out of law school, working for seven years in Manhattan litigation firms. Mr. Ashanti is an active member of several prominent legal associations

---

[1] Many hours were unbilled, as they were either performed by interns, or for courtesy reduction.

including the Metropolitan Black Bar Association and the American Trial Lawyers Association.

In addition to trial work, Mr. Ashanti has also briefed three (3) appeals before the Second Circuit Court of Appeals and has argued one such appeal before the Second Circuit Court of Appeals.

### BILLING RATES AT MUSA-OBEGON LAW PC

The billing rates at Musa-Obregon Law PC range from $175 per hour for paralegals, to the $650 per hour customary rate of both Mr. Ashanti and the founder, principal and managing partner of the firm, S. Michael Musa-Obregon. In this case, the firm billed for Mr. Ashanti's work and Mr. Musa-Obregon's work at the reduced rate of $450 per hour and all billings reflect that rate. This reduced billing rate is extremely competitive, particularly for litigators of their vast experience, and give the New York City market where they practice.

### Qualifications of our Paralegal

Natalie Camargo, a paralegal with over three (3) years such experience, worked on this case, at a rate of $175 per hour, which is reasonable given her experience and represents the fair market value of the services rendered.

### Reasonableness of Fees

Counsel expended a reasonable number of hours in litigating this case. The skills required to properly perform the legal services rendered a successful settlement. Given the experience, reputation and ability of counsel, the time expended, and the results obtained, the undersigned submits that the fees requested are reasonable and in keeping with the fees charged by comparably experienced counsel in New York City and the metropolitan area.

### Attorney's Fees

In determining the amount of reasonable attorney's fees to award, federal courts typically apply the lodestar method. *See, e.g., Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

### The Number of Hours Expended in this Case is Reasonable

The number of hours billed by the Plaintiff's counsel in this case was reasonable. As to the reasonableness of the hours expended, the court considers whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures. *See Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

### Costs

Case law supports the notion that counsel can recover fees associated with a private process server. *See, e.g., Freier v. Freier*, 985 F. Supp. 710, 713 (ED Mich 1997) ("The Court finds that Plaintiff's request for fees of the process server under 28 U.S.C. § 1920(1) in the total amount of $33.00 is proper.").

### Conclusion

Based on the circumstances of this case and given the qualifications of counsel, I respectfully request that the court fix an appropriate fee for the services provided to Plaintiffs, and that the following amounts be paid: reimbursement of their attorney's fees of $26,856.25 and costs/expenses paid by their attorneys on their behalf of $615.50 (consisting of $402 for filing of the SDNY Complaint, $125 for service of process and $88.50 in copying costs). The total reimbursement sought is $27,471.75.

Dated: October 20, 2023

New York, New York


Respectfully submitted:
By: /s/ Karl J. Ashanti

Karl J. Ashanti, Esq.
Attorney for the Plaintiffs

Musa-Obregon Law PC
55-21 69th Street New York, NY 11378
(718) 803-1000
(866) 788-8061